# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX GEORGE PEROS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NUTRIBIOTIC, INC., et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO.   1:10-cv-2376-OWW-MJS<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 6)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

On January 10, 2011, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed it for failure to state a federal claim and because the Court lacked jurisdiction over the remaining claims. (ECF No. 6.) The Court granted Plaintiff leave to file, not later than February 10, 2011, an amended complaint establishing a basis for federal court jurisdiction (Id.)  Plaintiff was warned that failure to file an amended complaint in compliance with the Court's order would result in dismissal of this action.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have

the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

Plaintiff has failed to file an amended complaint or otherwise respond to the Court's order. The Court cannot allow this action to remain on its docket with no operative pleading, especially where Plaintiff's initial Complaint failed to establish the Court's subject matter jurisdiction over the case. The Court has a continuing duty to evaluate its subject matter jurisdiction and dismiss any case over which it lacks jurisdiction. See Fed. R. Civ. P. 12(h).

Accordingly, the Court hereby RECOMMENDS that this action be dismissed without prejudice for failure to comply with a court order.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order. <u>Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 17, 2011          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE