UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX GEORGE PEROS,<br><br>    Plaintiff,<br><br>    v.<br><br>NUTRIBIOTIC, INC., et al.,<br><br>    Defendants.<br>_____/ | CASE NO.   1:10-cv-2376-OWW-MJS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 2)<br><br>PLAINTIFF'S AMENDED COMPLAINT, IF ANY, DUE NOT LATER THAN APRIL 21, 2011 |

    Plaintiff Alex George Peros initiated this action by filing a Complaint on December 21, 2010 accompanied by a request to proceed in forma pauperis. (ECF Nos. 2 & 3.) Plaintiff's original Complaint is before the Court for screening.[1]

**I.   SCREENING REQUIREMENT**

    The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a

---

[1] The Court originally issued this Screening Order on January 10, 2011. (ECF No. 6.) However, due to administrative oversight, it appears the Court failed to serve the order on Plaintiff. Accordingly, the Court will reissue the order and give Plaintiff additional time to file an amended complaint.

short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusion are not.  Iqbal, 129 S.Ct. at 1949.

## II. PLAINTIFF'S CLAIMS

Plaintiff brings claims for negligence, willful and wanton misconduct, strict liability in tort, and breach of implied warranty arising out of Defendants' sale of Calcium Ascorbate Crystalline Powder.  Plaintiff contends that he consumed Defendants' product and became ill.  Plaintiff seeks $47,481,355.00 in monetary damages, along with special damages to cover future medical expenses for himself and his wife.

## III. ANALYSIS

In his Complaint, Plaintiff alleges subject matter jurisdiction based on diversity of citizenship. (Compl. ¶ 3.)  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) ("It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."). Article III, § 2 of the Constitution and the federal diversity statute, 28 U.S.C.

§ 1332(a), give federal district courts jurisdiction "over cases between 'citizens of different States,' and 'over cases between citizens of a State' and 'citizens or subjects of a foreign state.'" Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990); Coury, 85 F.3d at 248. "The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court . . . each plaintiff must be diverse from each defendant." Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1004 (9th Cir. 2001). Failure to meet the requirements of the diversity statute for each defendant destroys "complete diversity," "rendering the entire case beyond the federal court's power to decide." Id. at 1005 (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989)); see also Coury, 85 F.3d at 248 (noting that "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court").

Plaintiff's Complaint states that he is a citizen of the state of California. (Compl. ¶ 1.) Plaintiff also states that Defendant Nutribiotic, Inc. is a "corporation organized under the laws of the State of California, with its principal place of business located in Lakeport, California." (Id. ¶ 2.) Because Plaintiff and at least one Defendant are citizens of California, there is not complete diversity in this case. See Lee, 260 F.3d at 1004. Thus, the Court cannot have subject matter jurisdiction over Plaintiff's claims under the diversity statute.

However, federal courts also have original jurisdiction over "all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. This is commonly referred to as "federal question" jurisdiction. Plaintiff's Complaint contains references to regulations set forth by the Food and Drug Administration ("FDA"). (Compl. ¶¶ 25-28.) The Court expresses no opinion as to whether Plaintiff can bring a private

cause of action against Defendants for violating FDA regulations. However, because it appears that Plaintiff may be able to amend his Complaint to establish federal question jurisdiction, the Court will allow him to do so. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (courts should give pro se litigants the opportunity to amend their claims unless amendment would be futile).

If Plaintiff desires to file an amended complaint in this action,[2] he needs to allege facts sufficient to state a claim under a federal law, a treaty, or the United States Constitution. If Plaintiff can establish a federal question jurisdiction, he is free to reallege the state law claims asserted in this initial Complaint, and the Court **may** exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(a). The key is that Plaintiff must first establish subject matter jurisdiction by alleging facts sufficient to state a claim under federal law, a treaty, or the United States Constitution.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Complaint is DISMISSED without prejudice for lack of subject matter jurisdiction. The Court will give Plaintiff leave to amend his Complaint to attempt to establish federal question jurisdiction.

Plaintiff is hereby on notice that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King,

---

[2] The Court notes that Plaintiff could also choose to pursue these claims in state court.

-4-

814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint, filed December 21, 2010, is dismissed for lack of subject matter jurisdiction;

2. Not later than **April 21, 2011**, Plaintiff shall file an amended complaint; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed.

IT IS SO ORDERED.

Dated:   March 18, 2011                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE